UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:15-CR-14 |
| | ) |
| CHRISTOPHER HORTON | ) |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's *pro se* Motion to Reduce Sentence pursuant to Amendment 821 [Doc. 196] and Supplement [Doc. 198].[1] The Government opposes Defendant's Motion. [Doc. 199]. For the following reasons, Defendant's Motion [Doc. 196] is **DENIED**.

I. BACKGROUND

In October 2017, Defendant was sentenced to 150 months of imprisonment after he was found guilty of one count of Possession with the Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1)(A) & 841(b)(1)(C), one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). [Doc. 133 at 1–2]. At

---

[1] The Clerk's Office and Federal Defender Services of East Tennessee have construed Defendant's Motion as one for relief pursuant to Amendment 821, and so the Court will treat Defendant's Motion as such. [*See* Docs. 196, 197]. However, Defendant's Motion also asks for a hearing because he "was told that the 922(g) was found to be unconstitutional" and he "know[s] that it is retroactive." [Doc. 196, at 1]. He asks the Court to "appoint him a lawyer in this matter." [Doc. 196, at 1]. "[T]he Court has discretion to appoint counsel if the interests of justice so require." *United States v. Oliver*, No. 3:17-CR-41-3, 2020 U.S. Dist. LEXIS 81522, at *7 (E.D. Tenn. May 8, 2020) (citing 18 U.S.C. § 3006A). But "there is no general constitutional right to appointed counsel in post-conviction proceedings[.]" *Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Defendant has not cited any legal authority supporting his position, and the Court is not aware of any such authority. To the extent Defendant's filings [Docs. 196, 198] can be construed as a motion for hearing or appointment of counsel, his Motion is **DENIED**.

the time of sentencing, Defendant earned a total of 12 criminal history points, and he was not assessed any additional Status Points. [Doc. 131, at 9–12]. Defendant's criminal history category was therefore V, and his effective guidelines range was 170 to 197 months of imprisonment. [*Id.* at 12, 21].

## II.     LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(2) of Title 18, United States Code states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

The policy statement set forth in United States Sentencing Guidelines Section 1B1.10 states that when "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." USSG §1B1.10(a)(1), p.s. (Nov. 2023). "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]" *Id.* at comment. (n.1(A)). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . an amendment . . . is applicable to the defendant but the amendment does not have

2

the effect of lowering the defendant's applicable guideline range[.]" *Id.* Further, "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced" under the policy statement in Section 1B1.10, and "[t]his section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." *Id.* at comment. (n.8(A)). Section 1B1.10 expressly covers Part A and Part B Subpart 1 of Amendment 821. *Id.* at §1B1.10(d); comment. (n.7).

Amendment 821, which became effective on February 1, 2024, applies retroactively. "Part A of Amendment 821 limits the criminal history impact of 'Status Points' in Sentencing Guidelines § 4A. Part B of Amendment 821 will permit a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors." *United States v. Mixon*, No. 1:21-CR-203, 2024 U.S. Dist. LEXIS 18460 at *1–*2 (W.D. Mich. Feb. 2, 2024) (internal citations omitted). Prior to the enactment of Amendment 821, two "Status Points" were added when determining a defendant's criminal history if the defendant committed his or her federal offense while "under any criminal justice sentence," including probation, parole, supervised release, imprisonment, work release, or escape status. USSG §4A1.1(d) (Nov. 2018). Now, pursuant to Amendment 821 Part A, a defendant will be assessed one Status Point when determining his or her criminal history if the defendant otherwise has seven or more criminal history points and committed the instant offense under "any criminal justice sentence." USSG §4A1.1(e) (Nov. 2023). Part A effectively eliminates Status Points for defendants with six or fewer criminal history points.

Part B Subpart 1 of Amendment 821 "provides for a decrease of two offense levels for 'zero-point offenders' (no criminal history points), whose offense did not involve specific aggravating factors." *United States v. Giles*, No. 1:05-CR-233, 2024 U.S. Dist. LEXIS 22357 at

3

*2 (W.D. Mich. Jan. 8, 2024). To qualify for a two-point reduction under Part B Subpart 1, a defendant who is a "zero-point offender" must "meet[] all of the following criteria:"

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
    (4) the offense did not result in death or serious bodily injury;
    (5) the instant offense of conviction is not a sex offense;
    (6) the defendant did not personally cause substantial financial hardship;
    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
    (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
    (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
    (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

USSG §4C1.1(a) (Nov. 2023).

### III. ANALYSIS

The Government argues, and the Court agrees, that Defendant is ineligible for a sentence reduction under Amendment 821 because he did receive any Status Points, and he is not a zero-point offender. [Doc. 199 at 2]. Defendant was not assessed any Status Points when calculating his sentencing guidelines, and he had 12 total criminal history points at the time of sentencing. [*See* Doc. 131]. Defendant is therefore ineligible for relief under Amendment 821, and his Motion must be denied.

### IV. CONCLUSION

For the above stated reasons, Defendant's Motion to Reduce Sentence pursuant to Amendment 821 [Doc. 196] is **DENIED**.

So ordered.

ENTER:

UNITED STATES DISTRICT JUDGE

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE